**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52272**

| | |
|---|---|
| STATE OF IDAHO,<br><br>　　　Plaintiff-Respondent,<br><br>v.<br><br>BRIANNA MICHELLE LEBOW,<br><br>　　　Defendant-Appellant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Filed: December 4, 2025**<br><br>**Melanie Gagnepain, Clerk**<br><br>**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY** |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Peter G. Barton, District Judge.

Judgment of conviction and concurrent unified sentences of ten years, with a minimum period of incarceration of four years, for aggravated battery and felony driving under the influence, <u>affirmed</u>; order denying Idaho Criminal Rule 35 motion, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Brianna Michelle Lebow pleaded guilty to aggravated battery, Idaho Code §§ 18-903(b), -907(1)(a), and felony driving under the influence, I.C. §§ 18-8004, -8005(6). In exchange for her guilty plea, the State agreed not to file an information part II and to recommend no more than an aggregate sentence of ten years, with a minimum period of incarceration of four years. For each count, the district court imposed a unified sentence of ten years, with a minimum period of incarceration of four years, and ordered the sentences to run concurrently. Lebow filed an Idaho Criminal Rule 35 motion, which the district court denied. Lebow appeals, asserting the district

1

court abused its discretion by refusing to grant probation or retain jurisdiction and denying her Rule 35 motion.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). That discretion includes the trial court's decision regarding whether a defendant should be placed on probation and whether to retain jurisdiction. I.C. § 19-2601(3), (4); *State v. Reber*, 138 Idaho 275, 278, 61 P.3d 632, 635 (Ct. App. 2002); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation/retaining jurisdiction was not appropriate.

Next, we review whether the district court erred in denying Lebow's Rule 35 motion. A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Lebow's Rule 35 motion, we conclude no abuse of discretion has been shown.

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Lebow's judgment of conviction and sentence, and the district court's order denying Lebow's Rule 35 motion are affirmed.